IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN W. TISDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-837-WKW |
| | ) | |
| BLAINE WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| JOHN W. TISDALE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-271-WKW |
| | ) | |
| BLAINE WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Blaine Wilson's motion to dismiss (Doc. # 5) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff John W. Tisdale, Jr., filed a response in opposition to the motion.  (Doc. # 7.)  For the reasons that follow, the motion is due to be granted in part and denied in part.

---

[1] Defendant filed the motion in Civil Action Number 14cv271.

## I.  JURISDICTION AND VENUE

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). Personal jurisdiction and venue are not contested.

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

## III.  BACKGROUND

Plaintiff filed this diversity lawsuit, *see* § 1332(a), after the court denied his untimely and prejudicial motion for leave to amend the complaint in a previously filed, but related, action.  *See Tisdale v. Wilson* (*Tisdale I*), No. 12cv837 (M.D. Ala. Feb. 4, 2014) (Order denying motion to amend the complaint for a third time).

The claims in this action (*Tisdale II*) are the claims that Plaintiff was not permitted to assert in *Tisdale I* in a Third Amended Complaint.

Some background of the pleadings in *Tisdale I* and *Tisdale II* is helpful for resolution of Defendant's motion to dismiss.  In the operative Second Amended Complaint, filed June 5, 2013, in *Tisdale I*, Plaintiff, a real estate developer in Covington County, Alabama, alleges that in August 2012, Defendant Wilson decided to run for mayor of the City of Andalusia, Alabama.  During his campaign, at a public meeting Defendant allegedly made false statements about Plaintiff, insinuating that Plaintiff entered into a corrupt deal with the City of Andalusia. The deal, according to Defendant, included the City's purchase of the Bass Building at a grossly inflated price with a requirement that Plaintiff use one-half of the sale proceeds to renovate the Prestwood Building in Andalusia.  But allegedly in exchange for Plaintiff's support of the incumbent mayor, including the posting of the mayor's campaign signs on Plaintiff's properties, the City subsequently overlooked Plaintiff's failure to make improvements to the Prestwood Building and refrained from enforcing the City's nuisance laws against Plaintiff. Defendant's comments at the public meeting resulted in a heated exchange between Plaintiff, Defendant, and the incumbent mayor.   Information about this exchange appeared in the Andalusia Star-News in August 2012.  Defendant also placed information about it on his Facebook page in August 2012 and made

additional similar comments about Plaintiff during a speech given the same month. Parts of the speech were replayed on Defendant's television station, W40BE, in Andalusia.   Plaintiff claims that these statements were false and hurt his professional reputation.

In *Tisdale II*, filed on April 11, 2014, Plaintiff goes back in time to June and July 2012, alleging that Defendant Wilson "began making defamatory comments about [him] and his properties on Facebook before numerous viewers."  (Compl. ¶ 9.)   Those comments concerned a deal between the City and Plaintiff for an exchange of properties for the purpose of the City's development of an entertainment district.  Defendant's insinuation again was that Plaintiff and the City were in cahoots, that Plaintiff was making a sizeable profit at the expense of the City, and that the City continued to overlook enforcement of nuisance laws against Plaintiff.  In *Tisdale II*, Plaintiff also fast forwards to January 2013 and September 2013, when Defendant allegedly posted negative comments on his Facebook page about other property Plaintiff owned.   In the January post, Defendant called Plaintiff a "greedy soul" in connection with Plaintiff's alleged overpricing of lots in a subdivision he developed in Andalusia, and in the September post, Defendant called Plaintiff a "bastard" and falsely accused Plaintiff of not paying workers' compensation benefits that were owed.  (Compl. ¶¶ 20, 21.) Plaintiff also makes other allegations that in November 2013, a state employee,

who is Defendant's "close friend," removed signs from Plaintiff's property in Andalusia and that Defendant watched from a distance in a parked car. (Compl. ¶¶ 39–41.)

The causes of action in *Tisdale I* and *II* are the same. They are state-law causes for defamation, intentional interference with business relations, and wantonness. Plaintiff and Defendant also are parties in both actions. *Tisdale I* includes an additional Defendant, Three Notch Communications, LLC, which operates a local radio and television station in Andalusia, and is owned by Defendant Wilson.

## IV.  DISCUSSION

Defendant argues, first, that Plaintiff has filed this lawsuit "to harass Defendant . . . in a blatant attempt to circumvent the parallel proceedings" and contends that dismissal is appropriate to prevent Plaintiff "from pursuing this multiplicative and vexatious litigation." (Doc. # 5, at 1–2.) Alternatively, Defendant moves for dismissal for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion on both grounds. Each ground is addressed in turn.

### A.   <u>Duplicative Litigation</u>

Although Defendant cites no case law to support its argument, the Eleventh Circuit has recognized that, "as between federal district courts, . . . the general

principle is to avoid duplicative litigation." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Id.* To this end, "[t]rial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."[2] *Id.*

The Ninth Circuit's decision in *Adams v. California Department of Health Services*, 487 F.3d 684 (9th Cir. 2010), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)), also is instructive. In *Adams*, the Ninth Circuit recognized, consistent with the Eleventh Circuit, that district courts have considerable discretion in deciding how to handle duplicative litigation. It explained that a district court has discretion "to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* at 688.

---

[2] *Durbin*'s principles still are relevant, notwithstanding that *Tisdale I* and *Tisdale II* happen to be pending in the same federal court.

*Adams* bears similarities to *Tisdale*'s predicament.  In *Adams*, the plaintiff, who was challenging a state agency's decision not to hire her, moved to amend her complaint to add new claims more than three months after the deadline for amendment.  The district court denied the plaintiff's motion to amend for failure to show "good cause for the undue delay in seeking leave to amend" and on the basis that the amendment would prejudice the defendants.  *Id.* at 687.  "[I]n an attempt to avoid the consequences of her own delay and to circumvent the district court's denial of her untimely motion," the plaintiff then filed a second lawsuit that "set forth the four additional claims she had sought to add by her previously denied motion for leave to amend her complaint in the first case."  *Id.*  The Ninth Circuit affirmed the district court's dismissal of the second lawsuit on grounds that it duplicated the first.  *See id.* at 688.

The Ninth Circuit explained that "'the fact that plaintiff was denied leave to amend does not give h[er] the right to file a second lawsuit based on the same facts.'"  *Id.* (quoting *Hartsel Springs Ranch of Col., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002)).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Id.*  To decide whether the plaintiffs' two lawsuits were duplicative, the court borrowed from the test for claim preclusion:  "[I]n assessing whether the second action is duplicative of the first, we

examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 688–89.  The Ninth Circuit set out a two-part analysis.

First, it adopted the transaction test to decide whether successive causes of action are the same.  "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* at 689.  Several criteria are relevant to the application of the transaction test, including "whether substantially the same evidence is presented in the two actions," and "whether the two suits arise out of the same transactional nucleus of facts." *Id.* (citation and internal quotation marks omitted).  The latter criteria "is the most important." *Id.* (citation and internal quotation marks omitted).  Second, a court must "examine whether . . . the parties or privies to the action[ ] are the same." *Id.*   The Ninth Circuit indicated, however, that if the events in the second suit occurred after the filing of the complaint in the first suit so that the plaintiff did not have a "full and fair opportunity" to litigate the claims in the first suit, then dismissal may not be appropriate. *Id.* at 692.

The Ninth Circuit's reasoning in *Adams* is applicable, persuasive, and not contrary to the Eleventh Circuit general pronouncements in *I.A. Durbin*, and, thus, will be applied to this action.

Here, the second part of the test is satisfied easily because the parties in *Tisdale II* also are parties in *Tisdale I*. The first part of the test – whether the conduct alleged in *Tisdale I* and *II* are part of the same transaction or series – requires more discussion. For this purpose, it is helpful to compartmentalize the conduct in *Tisdale I* and *II* temporally. *Tisdale I* alleges conduct occurring in 2012 (August), and *Tisdale II* alleges conduct occurring in 2012 (June and July) and in 2013 (January, September, and November).

Based upon careful consideration, Plaintiff will not be permitted to proceed on his claims in *Tisdale II* that are based upon Defendant's conduct occurring in June 2012, July 2012, and January 2013. As to the June 2012 and July 2012 episodes, they are temporally connected to the August 2012 episodes in *Tisdale I*. They also are related to and not significantly different from the *Tisdale I* claims that have at their core Defendant's allegedly defamatory statements concerning Plaintiff and the City of Andalusia's purportedly shady business dealings together. In fact, in *Tisdale I*, in his belatedly filed motion to amend, Plaintiff argued that the June 2012 and July 2012 conduct fell within the original scope of the claims he had alleged in the operative Second Amended Complaint. (*See, e.g.*, Doc. # 62 ¶ 8 (No. 12cv837) (taking the position that the proposed new claims "add[ed] new facts, not new claims").) Moreover, and importantly, the June 2012 and July 2012 conduct occurred prior to the filing of Plaintiff's operative Second Amended

Complaint in *Tisdale I* on June 5, 2013.  Plaintiff has not presented any reason why he could not have raised these claims in a timely manner in *Tisdale I*, where he would have had a full and fair opportunity to litigate the claims.[3]  *Cf. Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) ("[T]he requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard."); *see also Adams*, 487 F.3d at 693 (relying on *Parklane* for the same proposition).  Accordingly, all claims in *Tisdale II* based upon the June and July 2012 conduct are due to be dismissed as duplicative of *Tisdale I*.

The same conclusion is reached with respect to the January 2013 conduct, which involves Defendant's Facebook posting that brands Plaintiff a "greedy soul" in connection with Plaintiff's alleged overpricing of lots in a subdivision he developed in Andalusia.  This conduct occurred approximately five months prior to the filing of the Second Amended Complaint, and Plaintiff does not contend that he could not have alleged this conduct in a timely manner in *Tisdale I*.  In short, all claims in *Tisdale II* based upon the January 2013 conduct are due to be dismissed.

---

[3] In his motions to consolidate *Tisdale I* and *Tisdale II*, filed on May 30, 2014, Plaintiff asserts that he learned of the new allegations in *Tisdale II* during the discovery phase in *Tisdale I*. (*See, e.g.*, Doc. # 77 ¶ 1.)  He does not identify the date he first learned of the allegedly new allegations, and the only discovery he specifically identifies is his own deposition. His conclusory assertion does not warrant a contrary finding.  In light of the findings in this Order, the motions to consolidate will be denied as moot by separate order.

Plaintiff will be permitted to proceed, however, on his claims predicated on the additional conduct occurring in September 2013 and November 2013. The September 2013 and November 2013 conduct occurred subsequent to the filing of the Second Amended Complaint in *Tisdale I*, and, although the conduct involves the same parties, it is based upon different events than those in *Tisdale I*. Moreover, because judgment has not been entered in *Tisdale I* (a fact that distinguishes this case from *Adams*), the court, in the exercise of its discretion, will consolidate *Tisdale I* and *II* and permit Plaintiff to pursue the claims in *Tisdale II* that are based upon the September 2013 and November 2013 conduct. Consolidation will serve the interests of avoiding duplication of litigation and promoting judicial economy, and no reason can be envisioned how preparation for trial on the additional conduct will unduly burden the parties. *See* Fed. R. Civ. P. 42(a) (providing for consolidation of actions that "involv[e] a common question of law or fact").

For the foregoing reasons, Defendant's motion for dismissal on the basis that *Tisdale II* is duplicative of *Tisdale I* is due to be granted in part and denied in part.

## B.   <u>Failure to State a Claim</u>

Defendant's Rule 12(b)(6) arguments for dismissal of the claims in *Tisdale II* have been considered carefully, but are not persuasive. Accordingly,

Defendant's alternative motion for dismissal for failure to state a claim is due to be denied.[4]

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendant's motion to dismiss is GRANTED with prejudice in part and DENIED in part.

It is further ORDERED that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, what remains of this action is consolidated with Civil Action No. 12cv837 for a pretrial hearing on **June 26, 2014**, and for trial on **July 28, 2014**. The lead case shall be *Tisdale I*, No. 12cv837, and future filings shall be in *Tisdale I*.

DONE this 2nd day of June, 2014.

<u>                    /s/ W. Keith Watkins                    </u>
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] In a single sentence, Defendant also lists a number of other Rule 12(b) defenses as additional grounds for dismissal.  (*See* Doc. # 5, at 3–4.)  These grounds will not be addressed because they are undeveloped and include no application to the facts or citation to authority.